**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DANILO CHAY CHIM,

                    Petitioner,

        v.

JOHN TSOUKARIS, *et al.*,

                    Respondents.

Civil Action No. 26-1452 (JXN)

**<u>OPINION</u>**

**<u>NEALS</u>**, District Judge

Before the Court is Petitioner Danilo Chay Chim's ("Petitioner") Motion to Reopen ("Motion") Petitioner's habeas corpus proceeding pursuant to 28 U.S.C. § 2241 challenging his continued detention by immigration authorities. (ECF No. 8.) Respondents ("Government") filed an opposition (ECF No. 10), and Petitioner filed a letter request for expedited decision (ECF Nos. 11, 12). Having considered the parties' submissions, the Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's Motion is **DENIED**.

I.      **BACKGROUND**

Petitioner, a Guatemalan citizen, entered the United States without inspection at an unknown time. (Habeas Pet. ¶ 14, ECF No. 1.) On February 7, 2026, Immigration Customs and Enforcement ("ICE") agents arrested Petitioner; he has been detained in ICE custody since. (*Id.* ¶ 8.) On February 13, 2026, Petitioner filed his Petition arguing that 8 U.S.C. § 1226(a), which authorizes release on bond after a hearing before an immigration judge ("IJ"), applies to his

detention, rather than 8 U.S.C. § 1225(b)(2). (*Id.* ¶ 2.) Following the Court's Order to Answer, the Government submitted a response to the Petition on March 3, 2026. (First Gov't Resp., ECF No. 4.)

On March 9, 2026, the Court issued a Memorandum and Order granting the Petition, holding that the statutory basis for Petitioner's detention is 28 U.S.C. § 1226(a). (*See generally* Mem. Order, ECF No. 5.) Accordingly, the Court ordered the Government to provide Petitioner with "an individualized bond hearing . . . before an [IJ to] assess whether [Petitioner] presents a flight risk or a danger to the community." (*Id.*) The Court ordered that the bond hearing take place no later than seven days from the date of the Order. (*Id.*) On March 12, 2026, the Government submitted a letter to the Court indicating that on that same day Petitioner had received a bond hearing, where an IJ denied Petitioner bond, finding that he failed to establish that he is not a flight risk. (Letter from Gov't, ECF No. 6.)

On April 2, 2026, Petitioner filed the instant Motion to Reopen, challenging the IJ's denial of bond and requesting Petitioner's immediate release or alternatively, requesting the Court to hold a custody hearing.[1] (*See generally* Mot. to Reopen, ECF No. 8.) On April 20, 2026, the Government filed a response, arguing that Petitioner has failed to show that his bond hearing was "fundamentally unfair." (*See* Second Gov't Resp., ECF No. 10.)

## II.   **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody"

---

[1] The Court treats Petitioner's Motion to Reopen as a Motion to Enforce the Court's March 3, 2026 Memorandum and Order (ECF No. 5) granting the Petition because it challenges the IJ's denial of bond and requests immediate release. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    <u>DISCUSSION</u>

In Petitioner's Motion, Petitioner asserts that "due process requires that an impartial adjudicator decide if Petitioner's continued detention bears a reasonable relation to flight risk and danger to the community." (Mot. to Reopen at 2.) Petitioner further argues that he is not, in fact, a flight risk because he has strong ties to the United States, has qualifying United States citizen relatives who depend on him for financial and emotional support, has no criminal history, and has consistently appeared at all immigration hearings and appearances. (*Id.* at 2–3.) Finally, Petitioner contends that the immigration court system cannot provide fundamentally fair bond hearings.[2] (*See id.* at 3-10.)

This Court lacks jurisdiction to review any discretionary determinations underlying the IJ's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order. *See Ghanem*, 2022 WL 574624, at *2. In a fundamentally fair bond hearing, due process has three essential elements. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to

---

[2] Petitioner's overarching claims against the immigration system are not specific challenges to Petitioner's bond hearing or detention and as such, are not within the scope of this Court's jurisdiction at this juncture. *See Khalil v. President, United States of America*, 164 F. 4th 259, 275 (3d Cir. 2026) (reasoning that 8 U.S.C. § 1252(b)(9)'s channeling provision applies to challenges of removal-related questions that can be meaningfully reviewed later through a petition for review); *see also Ghanem*, No. 21-1908, 2022 WL 574624, at *2.

make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem*, 2022 WL 574624, at *2 (alteration in original).

The Court has reviewed the bond hearing transcript (Bond Tr., ECF No. 10-1) and finds that the IJ did not abuse her discretion in deeming Petitioner had not met his burden of proving that he was not a flight risk. As noted above, Petitioner appeared before the IJ on March 12, 2026. The IJ concluded that while Petitioner did not present as a danger to the community, Petitioner was a flight risk and ultimately denied Petitioner bond. (*See generally id.*) The Court notes that the IJ adequately considered Petitioner's submitted evidence and oral arguments in support of the bond application. (*Id.* at 8-9.)

The IJ heard argument from Petitioner's counsel. (*Id.* at 4-9.) Counsel argued that Petitioner has substantial financial and familial ties to the United States, including a fixed address, a job, a marriage to a United States citizen, and a United States citizen child. (*Id.* at 4.) Petitioner's counsel further argued that Petitioner had a bond sponsor who "was willing to vouch for him." (*Id.* at 7.)

During the bond hearing, the IJ acknowledged Petitioner's individualized circumstances, finding that he did not pose a danger to the community based on his active involvement in the community. (*Id.* at 8-9.) However, she remained uncertain as to whether Petitioner would comply with future immigration court proceedings due to the limited information available regarding the extent of his relationship with his bond sponsor, aside from their participation in soccer together, coupled with Petitioner's failure to pursue legal status prior to his detention and uncertainty of accurate taxable income. (*Id.*) Accordingly, the IJ found as follows:

> I've heard the arguments of the attorneys regarding the response request for bond. I do not find that the respondent poses a danger to the community. Regarding risk of flight, I am mindful of the extensive time the United States -- the respondent has been in the United States. I appreciate that he now has his – he's married to a U.S. citizen and he has a U.S. citizen child. Does show significant ties to the United States.

> What I'm troubled by, though, is the lack of -- well, what seems to be either a lack of financial resources of the respondent despite his significant tenure in the United States or a lack of truthfulness in the tax returns filed with the federal government. Counsel for the respondent has argued that the respondent is the sole financial provider for his wife and child. If I'm to accept the veracity of the 2020 return, which was a joint return, the respondent and his wife only earned $11,000. I just don't find that that is likely to be true. I also note that the Department indicated that the respondent did not submit any application for relief from removal until after the until after his 601A waiver was rejected. So, although he's been in the United States and married a U.S. citizen, it seems that the respondent didn't take other action to legalize his status until he was detained and filed an application for cancellation of removal. Although counsel for respondent argues that he could refile for a waiver, that the I-130 approval doesn't expire, it's significant to the Court that he has not, even though the I-130 was approved more than five years -- approximately five years ago. Although respondent argues that his wife would like him to be home so that she is not stressed by the burden of caring for their child and, and -- while being pregnant with their second child. I'm not persuaded that that would mitigate the risk of flight.

(*Id.*)

Here, Petitioner's challenge to the IJ's denial of bond based on him being a flight risk is a challenge to the IJ's credibility determinations and weighing of the evidence, which are discretionary determinations beyond the review of this Court. 8 U.S.C. § 1226(e); *see also Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.") This Court does not express any opinion on whether the IJ came to the correct conclusion, but the record compels a finding that Petitioner received the individualized bond hearing as required under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(d)(1) that he was entitled to. Any further challenge to the IJ's denial of bond must be presented to the Board of Immigration Appeals.

5

IV.     **CONCLUSION**

For the reasons set forth above, the Motion (ECF No. 8) is **DENIED**. An appropriate Order

accompanies this Opinion.

**DATED**: 6/8/2026

_____

**JULIEN XAVIER NEALS**
**United States District Judge**

6